IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Orlando Division

In re: Stephen L. Phelps, Debtor.

TROY A. KIMBALL,   Case No. 6:23-bk-05281-TPG

    Plaintiff,   Adversary Case No. 6:24-ap-00009

vs.

STEPHEN L. PHELPS, Debtor,

    Defendant.
_____/

# PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Because the Plaintiff's Complaint Seeking to Determine Dischargebility of Indebtedness Pursuant to 11 USC §523 and for Other Relief sufficiently pleads facts necessary to put the Defendant/Debtor on proper notice of what acts of fraud he committed in violation of Plaintiff's rights, Plaintiff requests the Court to deny the Debtor's Motion to Dismiss.

## PRELIMINARY STATEMENT

Defendant, Stephen L. Phelps filed a Motion to Dismiss and Motion to Strike Court requesting: **(a)** entry of an Order dismissing Count II pursuant to F. R. B. P. 7012 and Fed. R. Civ. P. 12(b)(6) on the grounds that the Plaintiff failed to state a claim upon which relief can be granted, and **(b)** to strike Plaintiff's claim for attorney's fees as to Count I.

## PROCEDURAL HISTORY

On February 4, 2024, the Plaintiff filed his Complaint Seeking to Determine Dischargibility of Indebtedness Pursuant to 11 USC §523 and for Other Relief commencing this Adversary Proceeding against the Defendant/Debtor and others. The Complaint asserts claims

for relief under Section 523(a)(2) of the Bankruptcy Code and in addition seeks to recover money or property pursuant to Rule 7001 of the Bankruptcy Rules.  On April 11, 2024, the Defendant/Debor filed his Motion to Dismiss.

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

### I.      Count I and Plaintiff's Request for Attorney's Fees

Plaintiff concedes that Defendant's argument that the attorney's fee request in the Wherefore clause of Count I of Plaintiff's Complaint should be stricken.   Counsel for Plaintiff apologizes and confesses that he made a mistake in drafting the original Complaint.  Therefore, Plaintiff seeks leave of Court to file an Amened Complaint to correct this error and eliminate the claim for attorney's fee from Count I.

### II.     Count II and Plaintiff's Claim under Bankruptcy Rule 7001

Rule 7001 of the Federal Rules of Bankruptcy Procedure states:

> Scope of Rules of Part VII
>
> An adversary proceeding is governed by the rules of this Part VII.
>
> The following are adversary proceedings:
>
> (1)  **a proceeding to recover money or property**, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code [11 USCS § 554(b) or 725], Rule 2017, or Rule 6002; (emphasis supplied)

Federal Rule of Bankruptcy Procedure 7001(1) provides that "a proceeding to recover money or property" is an adversary proceeding.  Fed. R. Bankr. P. 7001(1).

In the case at bar, Defendant's grounds for dismissal of Count II are solely based on his position that Plaintiff failed to state a claim upon which relief can be granted.

From the pleading, Plaintiff seeks in Count II recovery of money pursuant to the provisions of the Florida Unfair and Deceptive Trade Practices Act.  The allegations on which Plaintiff makes his claim under Count II, arise out of the same fraudulent conduct that form the basis for Plaintiff's objection to dischargeabilty pursuant to 543 11 USC §523(a).

Courts reviewing motions to dismiss must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Financial Security Assur., Inc. v. Stephens, Inc.,* 450 F.3d 1257, 1262 (11th Cir. 2006) (citing *Roberts v. Fla. Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir. 1998)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Financial Security*, 450 F.3d at 1262 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is, as we have stated previously, 'exceedingly low.'" *Financial Security*, 450 F.3d at 1262 (citing *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev.,* 711 F.2d 989, 995 (11th Cir. 1983))). "That said, 'while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'"  *Financial Security*, 450 F.3d at 1262 (citing *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A, 1981))).

From the detailed allegations of fraud set forth in Count II of the Plaintiff's Complaint, it can and should be determined that Plaintiff's claims under Count II of the Complaint are sufficient to withstand Defendant's Motion to Dismiss.

## Conclusion

Based on the foregoing facts, citations and legal arguments, Plaintiff requests that Defendant/Debtor's Motion to Dismiss Count II be denied.

Dated this 18 April 2024.

                                            /s/ N. James Turner              .
N. James Turner, Esquire
Counsel for Plaintiff, Troy A. Kimball
3670 Maguire Boulevard, Suite 310
Orlando, Florida  32803
(888) 877-5103
Email address:  njtlaw@gmail.com
Florida Bar No. 203041

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 18 April 2024, I electronically filed the foregoing with the Clerk of Court by using the Case Management/Electronic Case Filing ("CM/ECF") system which will send a notice of electronic filing, and I will complete service of the foregoing as required by Rule 5, Federal Rules of Civil Procedure, made applicable by Rule 7005, Federal Rules of Bankruptcy Procedure, to all parties indicated on the electronic filing receipt, and to the Debtor at the address below.

                                            /s/ N. James Turner       .
N. James Turner, Esq.

Debtor:
Stephen L. Phelps
37245 County Road 439
Eustis FL 32736